# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 22, 2010

Charles R. Fulbruge III
Clerk

No. 09-50516
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO VALDEZ-AMARO, also known as Daniel Jauregui,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-436-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ricardo Valdez-Amaro appeals the 60-month within-guidelines sentence imposed following his guilty plea to illegal reentry following deportation in violation of 8 U.S.C. § 1326. He argues that his sentence is unreasonable because the illegal reentry guidelines double count a defendant's criminal record, resulting in a sentencing range that is greater than necessary to meet the goals of 18 U.S.C. § 3553(a). He also argues that this court should not afford his sentence a presumption of reasonableness because U.S.S.G. § 2L1.2 is not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

empirically based.  He contends that his sentence failed to reflect that he had no prior immigration convictions, that his current illegal reentry conviction is not a crime of violence and posed no danger to others, and that he did not realize he faced such a high sentence.

Valdez-Amaro's challenge to the presumption of reasonableness is foreclosed.  *See United States v. Mondragon-Santiago,* 564 F.3d 357, 366-67 (5th Cir.), *cert. denied,* 130 S. Ct. 192 (2009).  We have also rejected the argument that using a prior conviction to increase the offense level and in calculating criminal history is impermissible "double counting."  *See United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001).

Valdez-Amaro has not rebutted the presumption that the district court sentenced him to a reasonable, properly calculated within-guidelines sentence.  *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008); *United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006).  The district court's judgment is AFFIRMED.